# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

Ronald Kimberling,
Michael Corlis, Deborah Corlis,
Larry G. Hutcheson, Deborah Hutcheson,
and D.A. Allen, on behalf of themselves and
a class of persons similarly situated,
Plaintiffs Below, Petitioners

**FILED**

**October 10, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

vs)  No. 17-0763 (Braxton County 14-C-4)

Windstream Communications, Inc.,
Defendant Below, Respondent

## MEMORANDUM DECISION

Petitioners Ronald Kimberling, Michael Corlis, Deborah Corlis, Larry Hutcheson, Deborah Hutcheson, and D.A. Allen, by counsel Larry O. Ford and Sean W. Cook, appeal two orders of the Circuit Court of Braxton County, entered on July 29, 2017, that denied their motion to certify a class and granted respondent's motion for partial summary judgment on petitioners' claim for trespass. Respondent Windstream Communications, Inc. appears by counsel Seth P. Hayes and Dale H. Harrison.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioners are owners of real property in Braxton County. Their predecessors-in-title granted rights-of-way to Monongahela Power Company ("Mon Power") "for the construction, maintenance, alteration or removal of an electric distribution system and telephone system. . . ."[1] Mon Power later (as the designated "owner" of the poles and anchors) entered into an agreement ("the pole attachment agreement") with respondent (the designated "licensee") to allow for fiber optic cable installation for the provision of broadband internet service. The pole attachment agreement provided that Mon Power, as the owner, could request of the licensee "appropriate documentation demonstrating that [the l]icensee possesses a permit, franchise, necessary rights-of-way or easements or other right to place its facilities within private property or the public rights of way." Respondent was not granted easements or rights-of-way by petitioners, and it

---

[1]The Mon Power easements were not included in the appendix record on appeal. We thus accept this crucial finding of the circuit court as true.

1

relied on Mon Power's easements for its own entry onto petitioners' land. After respondent began cable installation, petitioners filed a complaint in the Circuit Court of Braxton County asserting trespass.

Petitioners moved to certify their trespass claim as a class action. Around the same time that petitioners moved to certify the class, respondent moved for "partial" summary judgment on the claim asserted against it.[2] The circuit court granted the motion by order entered on July 29, 2017, on the ground that the Mon Power easements encompassed respondent's installation of fiber optic cable because the "underlying purpose . . . was to provide the right to install lines or cables to provide communication services and electricity, and fiber optic cable is nothing more than a 'modern invention' from which the object of the right of way can be more fully utilized and enjoyed." The circuit court denied the motion for class certification by order entered on the same date as the order granting summary judgment. It explained that petitioners had satisfied none of the four prerequisites to class certification set forth in Rule 23 of the Rules of Civil Procedure.

On appeal, petitioners assert two assignments of error. They argue, first, that the circuit court erred in granting summary judgment because there are material disputes of fact on the question of whether respondent could enter their land under Mon Power's easements for the purpose of installing fiber optic cable. They argue, second, that the circuit court erred in denying their motion for class certification.

We begin with petitioners' first assignment of error, wherein they argue that the circuit court erred in granting summary judgment in spite of the existence of issues of material fact. Our review on this point is de novo. *See* Syl. Pt. 1, *Painter v. Peavy*, 192 W. Va. 189, 451 S.E.2d 755, (1994). Petitioners argue that they presented evidence that respondent obtained its own easements from some (but not all) of the landowners affected by the project, and that a Mon Power representative informed respondent's representative that respondent would have to obtain its own easements. They also argue that the pole attachment agreement "required" that respondent obtain new easements.[3] We find, however, that these facts do not degrade the easements between Mon Power and the landowners. Those easements permitted entry onto the land "for the construction, maintenance, alteration or removal of an electric distribution system and telephone system including all necessary rights to add additional wires. . . ." We agree with the circuit court that respondent's use did not exceed the authority of the easements and therefore did not constitute trespass, which we have defined as "an entry on another man's ground without lawful authority, and doing some damage, however inconsiderable, to his real property." *Hark v. Mountain Fork Lumber Co.*, 127 W. Va. 586, 591-92, 34 S.E.2d 348, 352 (1945). The circuit court did not err in granting respondent's motion for summary judgment.

---

[2]At the time, respondent's subcontractor also was a defendant. The circuit court dismissed petitioners' claim against the subcontractor by order entered on December 16, 2016.

[3]As noted above, the agreement provided that Mon Power *could* request of the licensee "appropriate documentation demonstrating that [the l]icensee possesses a permit, franchise, necessary rights-of-way or easements or other right to place its facilities within private property or the public rights of way."

Having found the circuit court's grant of summary judgment supported by the appendix record on appeal, we need not consider the circuit court's denial of petitioner's motion to certify a class.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** October 10, 2018

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Paul T. Farrell sitting by temporary assignment
Justice Tim Armstead
Justice Evan H. Jenkins

Justice Allen H. Loughry II suspended and therefore not participating.